UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIFFANY KESSLING, DDS,

  Plaintiff,

 v.

OHIO STATE UNIVERSITY, *et al.*,

  Defendants.

:

:

:

Case No. 2:20-cv-1719
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

**OPINION AND ORDER**

This matter is before the Court on several motions in limine.

**I. STANDARD OF REVIEW**

Motions in limine allow the Court to rule on the admissibility of evidence in advance of trial to expedite proceedings and provide the parties with advance notice of the evidence upon which they may not rely to prove their case. *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, No. 2:08-CV-0663, 2011 WL 4753414, at * 1 (S.D. Ohio Oct. 7, 2011) (Marbley, J.). The motions therefore serve "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). To prevail on a motion in limine, the movant must show that the evidence is clearly inadmissible. *Bennett*, 2011 WL 4753414, at * 1. If the movant fails to meet this high standard, a Court

should defer evidentiary rulings so that questions of foundation, relevancy, and potential prejudice may be resolved in the context of trial. *Henricks v. Pickaway Corr. Inst.,* No. 2:08-CV-580, 2016 WL 4577800, at *2 (S.D. Ohio Sept. 2, 2016). Whether to grant a motion in limine is within the discretion of the trial court; the Court may reconsider the admissibility of evidence and even change its ruling on a motion in limine "as the proceedings give context to the pretrial objections." *Id.* (citing *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir. 2012)).

## II. CROSS-MOTIONS IN LIMINE REGARDING DISMISSED ADVERSE ACTIONS (ECF Nos. 79, 92.)

The parties filed cross-motions in limine regarding the admissibility of evidence related to actions that the Court found were not independently adverse at summary judgment. Though both motions are opposed, the parties agree that many of the actions about which Kessling originally complained are not suitable issues for trial.

### A. Background

Remaining for trial are Kessling's Title VII and Title IX retaliation claims against OSU (Counts I and II) and her § 1983 First Amendment retaliation claim against Lloyd in his individual capacity (Count III). Kessling based her claims on the following 20 actions:

(1) Dr. Lloyd threatened to withdraw Dr. Kessling's academic appointment;
(2) Drs. Lloyd and Larsen restricted Dr. Kessling's clinical privileges to extract teeth;
(3) Ms. Sowers and Dr. Van Putten denied Dr. Kessling additional time that she requested in the James Clinic;

2

(4) Dr. Kessling's time at the James Clinic was cut from four days to two;
(5) Dr. Kessling was reassigned to less favorable duties within the College;
(6) OSU did not renew Dr. Kessling's contract and she was instead offered a less favorable contract;
(7) Defendants did not assist Dr. Kessling with obtaining her board certification;
(8) Dr. Van Putten was disrespectful to Dr. Kessling;
(9) Dr. Lloyd encouraged Dr. Van Putten to make false allegations about Dr. Kessling's competency;
(10) Ms. Sowers collected false information about Dr. Kessling;
(11) Ms. Sowers and Dr. Old demanded that she be removed from the James Clinic;
(12) Ms. Sowers and Dr. Old imposed an arbitrary deadline for her to obtain her laser credentials and failed to give her help;
(13) Ms. Sowers and Dr. Old accused her of misusing a laser on a patient;
(14) Ms. Sowers imposed a punitive scheduling template on her;
(15) Ms. Sowers and Dr. Old attacked her productivity and sought to revoke accommodations given to her for breastfeeding and childcare;
(16) Ms. Sowers and Dr. Old attacked her for mentioning her legal rights in the workplace:
(17) Ms. Sowers and Dr. Old threatened to refer her to the professionalism committee;
(18) Ms. Sowers accused her of dishonesty and unprofessionalism;
(19) Dr. Van Putten downgraded his assessment of Dr. Kessling's clinical skills in her credentialing application and delayed her recertification to perform laser procedures; and
(20) Dr. Larsen interfered with Dr. Kessling's credentialing renewal.

(ECF No. 61, PAGEID # 5860–95.) Kessling argued that each action was an independent adverse action and that all twenty actions amounted to retaliatory harassment when considered in aggregate.

On Defendants' motion for summary judgment, the Court reviewed the evidence and arguments for each action and found that Kessling could proceed to trial on actions (1), (2), and (5) individually but concluded that none of the other seventeen actions were independent adverse actions. (Summary Judgment Opinion

3

and Order, ECF No. 72.) The Court did not address whether all twenty actions collectively constituted retaliatory harassment. (*Id.* at 28.)

**B. Analysis**

Defendants move to exclude references and evidence regarding the seventeen actions that the Court found were not independently adverse, arguing that none is relevant to the issues remaining for trial and, even if they were, their probative value is substantially outweighed by the risk of undue delay and time wasted at trial. (ECF No. 79, PAGEID # 6708.) Kessling responds that she does not intend to present "the entire array of actions she believes were retaliatory." (ECF No. 98, PAGEID # 6792.) Instead, she moves to permit evidence related to actions (4), (6), (8), and (19), arguing that those actions, though not independently adverse, are vital to proving her retaliation claims under a theory of retaliatory harassment. (ECF No. 92, PAGEID # 6756–59; *see also* ECF No. 98.)

The Court agrees with Kessling that several of the non-adverse actions are relevant to and probative of her retaliatory harassment theory and must be permitted at trial. As such Kessling's motion to permit testimony and evidence of actions (4), (6), (8), and (19) is **GRANTED.** (ECF No. 92.) Defendants' motion to exclude is **DENIED** as to those actions and is **GRANTED** in all other respects. (ECF No. 79).

4

### III. DEFENDANTS' MOTIONS IN LIMINE

#### A. Motion in Limine to Bifurcate Trial on Punitive Damages and to Exclude Wealth Evidence from Liability Stage (ECF No. 77)

Defendants move to bifurcate trial on issues of liability and the quantification of punitive damages on Kessling's First Amendment retaliation claim against Dr. Lloyd. In addition, Defendants move to exclude evidence about Lloyd's wealth from the liability stage of trial. Kessling agrees with Defendants' Motion. (Resp., ECF No. 97.) Accordingly, Defendants' Motion to Bifurcate Trial on Punitive Damages and to Exclude Wealth Evidence from Liability Stage is **GRANTED**. (ECF No. 77.)

#### B. Motion in Limine Regarding the Questioning of Witnesses at Trial (ECF Nos. 79)

Defendants filed a motion seeking to complete all questioning of defense witnesses called during Kessling's case in chief at the time they are first called to the stand. (ECF No. 79.) They argue that it would be inefficient and inconvenient for witnesses to testify twice in the same case. Kessling agrees that defense counsel should be permitted to complete all questioning of defense witnesses when they are first called except for Defendant Lloyd. (ECF No. 98.)

The Federal Rules of Evidence give trial courts discretion in controlling the mode and order of examining witnesses so as to "make those procedures effective for determining the truth, avoid wasting time, and protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 601(a). Defense counsel's direct examination of Lloyd will likely be lengthier and cover more topics than what Kessling will cover in her case in chief. And, as a defendant in this case, Lloyd will

5

not be inconvenienced by testifying twice. Thus, deferring Lloyd's direct examination until Defendants' case will allow for the most orderly and efficient presentation of evidence at trial.

Accordingly, Defendants' Motion In Limine Regarding the Questioning of Witnesses at Trial is **DENIED** as to Defendant Lloyd and **GRANTED** as to all other defense witnesses. (ECF No. 79.)

### C.  Motion in Limine to Exclude Evidence Regarding the Investigation in which Kessling Participated (ECF No. 95)

Defendants move to exclude all evidence related to OSU's internal investigation of a gender discrimination complaint made against Van Putten. They argue that statements made by Kessling and others during the investigation, investigation reports, and any disciplinary actions resulting from the investigation must be excluded because (1) the evidence is not relevant to any non-stipulated issues, (2) the probative value of the evidence is substantially outweighed by the dangers of unfair prejudice, of confusing the issues, and of misleading the jury, and (3) much of the evidence includes inadmissible hearsay. Recognizing that Kessling's participation as a witness in the HR investigation is the protected activity on which her retaliation claims are based, Defendants offer to stipulate that she engaged in a protected activity but ask that the jury be instructed not to concern themselves with facts underlying that activity.

6

### 1. Statements that Kessling made during the HR investigation will not be excluded.

Starting with statements made by Kessling during the HR investigation, Kessling argues that the content of her complaints (*i.e.* that Van Putten and Lloyd discriminated against her and others because of their gender) is relevant to show that her protected activity motivated the subsequent actions taken against her. (ECF No. 99, PAGEID # 6795–97.) She further argues that the probative value of such evidence is routinely found to outweigh the risks of unfair prejudice at trial. (*Id.* at 6795–97, 6800–01.)

The Fourth Circuit's decision in *Buckly v. Muskasey* is instructive. 538 F.3d 306, 318–19 (4th Cir. 2008). In that case, a special agent for the Drug Enforcement Agency brought a Title VII retaliation claim against her employer alleging that the Agency retaliated against her for participating in a race-discrimination class action brought against it. *Id.* at 308–09. Although her participation in the race-discrimination litigation was the protected activity that formed the basis for her retaliation claim, the trial court severely limited the agent's ability to discuss the substance of that litigation. *Id.* 317–18. On appeal, the Circuit Court reversed the trial court's decision as an abuse of discretion, explaining that:

> By prohibiting Buckley from introducing evidence of the [prior litigation] in all but the most sanitized terms, the court prevented Buckley from demonstrating why her participation in that litigation so rankled the relevant DEA decisionmakers that they were provoked to retaliate against her. . ... [R]etaliation claims like hers, which are based on retaliation for pursuing discrimination claims in the past, are inextricably linked to past acts of discrimination. Because such evidence of prior bad acts speaks directly to the defendant's motive or intent to

7

retaliate, such evidence must be admitted if the plaintiff is to have any real chance of proving her retaliation claim.

*Id.* at 319; *see also King v. William Beaumont Hosp.*, No. 10-13623, 2012 WL 5463761, at *4 (E.D. Mich. Nov. 8, 2012) (allowing evidence of plaintiff's race discrimination complaint as background and to demonstrate retaliatory motive for Title VII retaliation claim).

In order to prove her retaliation claim, Kessling must demonstrate that she engaged in a protected activity and that a causal connection exists between her protected activity and the adverse actions she suffered. *See Nelson v. Christian Bros. Univ.*, 226 Fed. Appx. 448, 454 (6th Cir. 2007) (Title VII and Title IX retaliation); *Scarbrough v. Morgan Cnty. Bd. of Educ.,* 470 F.3d 250, 255 (6th Cir. 2006) (First Amendment retaliation). The statements Kessling made to investigators are relevant to whether Defendants acted with a retaliatory motive.

Given the probative value of Kessling's statements, that evidence will not be excluded ahead of trial. To the extent Defendants object to specific statements by Kessling on hearsay grounds, those objections will be more appropriately addressed in context at trial.

> **2. Statements made by other employees, including those made by the original complainant, are excluded under Rule 403.**

As for the statements by the complainant and other witnesses during the HR investigation, Kessling argues that they will provide the jury with helpful context for understanding her statements and Defendants' alleged retaliatory motive. (ECF

8

No. 99, PAGEID # 6795.) Though other employees' statements would provide some background for the statements Kessling made, the minimal probative value is substantially outweighed by the risk of unfair prejudice in the form of improper propensity evidence and would require minitrials on the veracity of other individual's complaints. *See* Fed. R. Evid. 403; Fed. R. Evid. 404 (propensity evidence). As such, statements made by others who participated in the HR investigation are excluded from trial.

### 3. Other evidence related to the HR investigation will not be excluded ahead of trial.

Kessling argues that other evidence related to the HR investigation provides necessary background for her retaliation claims. (ECF No. 99, PAGEID # 6797–99.) The Court agrees. Unlike the statements made by others, information about the investigation itself—how it was conducted and what Defendants knew about it— may provide important context for Kessling's claims without running the risk of unfair prejudice or unnecessarily expanding the issues at trial. As such, it will not be excluded under Rule 403. To the extent that Defendants object to specific reports or testimony on hearsay or other grounds, those objections will be more appropriately addressed in context at trial.

### 4. Summary Conclusion on Motion to Exclude

Accordingly, Defendants' motion to exclude evidence regarding OSU's investigation of Van Putten is **DENIED** as to statements made by Kessling during the investigation, investigation reports, and the results of the investigation and is

9

**GRANTED** as to statements made by other witnesses, including the original complainant, prior to and during the investigation.

IV.    **KESSLING'S MOTIONS IN LIMINE**

    A.    **Motion in Limine to Exclude Evidence Regarding to Kessling's Work Performance (ECF No. 93)**

Kessling moves to exclude evidence regarding her work performance that was collected by Ms. Sowers. (ECF No. 93.) Defendants argue that information about Kessling's work performance is necessary to show that Defendants had a non-retaliatory motive for taking certain actions against her. (ECF No. 96.) Kessling argues that the information Sowers collected cannot be used to show a non-retaliatory motive and must excluded for two reasons. First, Kessling argues that the probative value of evidence about her work performance is substantially outweighed by the risk of unfair prejudice and of unnecessarily expanding the issues at trial. She argues that documents and emails identifying issues with her work performance are inaccurate and either predated or are factually distinct from retaliatory actions taken against her. However, in ruling on her separate motion in limine discussed above, the Court will allow Kessling to present evidence that Van Putten (1) "falsely accused her of providing below-standard care" (part of action (8)) and (2) that he "downgraded" his evaluation of her (part of action (19)). This evidence opens the door to Defendants' evidence showing that that Kessling provided substandard care and that she deserved a downgraded evaluation. Whether Van Putten was aware of issues with Kessling's work performance and

10

whether his concerns with her performance were valid are fertile grounds for cross examination, they are not reasons for excluding probative evidence at trial.

Second, Kessling argues that a jury could not find that Defendants were motivated to take certain actions due to issues with her work performance without contradicting the Summary Judgment Opinion and Order. According to Kessling, the Court found that none of the work-performance information collected by Sowers "was relied upon or used to take" an adverse action against her. (ECF No. 93, PAGEID # 6762.) The Court made no such finding. Instead, the Court concluded that Kessling failed to submit evidence connecting Sowers's collection of information to an adverse action taken against her. (Summary Judgment Opinion and Order, ECF No. 72, at 21–22.) The Court's conclusion that Kessling failed to meet her burden of production is a far cry from an affirmative finding that Defendants were unaware of information about her work performance and that such information did not motivate the actions taken against her. Thus, permitting evidence about Kessling's work performance at trial would not lead a jury to contradict the Court's findings at summary judgment.

Accordingly, Kessling's motion in limine to exclude evidence about her work performance is **DENIED**. (ECF No. 93.)

> **B. Motion in Limine to Exclude References to Court's Dismissal of Parties and Claims and to the Findings of the Ohio Civil Rights Commission (ECF No. 94)**

Kessling moves to exclude references to (1) the Court's dismissal of certain claims and defendants at summary judgment and (2) the disposition of Kessling's

11

prior charge to the Ohio Civil Rights Commission. (ECF No. 94.) Defendants do not oppose this Motion in Limine, so it is **GRANTED**.

## V. CONCLUSION

For the reasons set forth above:

- Kessling's Motion to Permit Evidence Regarding Actions (4), (6), (8), and (19) is **GRANTED.** (ECF No. 92.) Defendants' cross-motion to exclude is **DENIED** as to those actions and is **GRANTED** in all other respects. (ECF No. 79).

- Defendants' Motion to Bifurcate Trial on Punitive Damages and to Exclude Wealth Evidence from Liability Stage is **GRANTED**. (ECF No. 77.)

- Defendants' Motion In Limine Regarding the Questioning of Witnesses at Trial is **DENIED** as to Defendant Lloyd and is **GRANTED** as to all other defense witnesses. (ECF No. 79.)

- Defendants' Motion in Limine to Exclude Evidence Regarding the Investigation in which Kessling Participated is **GRANTED** as to statements made by individuals other than Kessling prior to and during the investigation and **DENIED** in all other respects. (ECF No. 95.)

- Kessling's Motion in Limine to Exclude Evidence Regarding to Her Work Performance is **DENIED**. (ECF No. 93.)

- Kessling's Motion in Limine to Exclude References to the Court's Dismissal of Parties and Claims and to the Findings of the Ohio Civil Rights Commission is **GRANTED**. (ECF No. 94.)

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**